UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Peter J. Helfrich,<br><br>     Petitioner<br><br>v.<br><br>D.W. Neven, et al.,<br><br>     Respondents | 2:16-cv-01499-JAD-VCF<br><br>**Order Granting Application to Proceed** ***in forma pauperis*****, Denying Petition and Motion for Appointment of Counsel, and Closing Case**<br><br>[ECF Nos. 1, 2] |

     Nevada state prison inmate Peter J. Helfrich has submitted an application to proceed *in forma pauperis*, a petition for habeas corpus, and an ex parte motion for appointment of counsel. Helfrich's IFP application and supporting documentation show that he is unable to pay the filing fee, so I grant his application to proceed *in forma pauperis*, direct the Clerk of Court to file and serve it on respondents, and screen his petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Because it plainly appears from the face of the petition that Helfrich is not entitled to relief, I deny the petition and decline to issue a certificate of appealability, deny his motion for appointment of counsel as moot, and close this case.

### Background

     Helfrich challenges the calculation of his good-time credits under NRS § 209.4465. I take judicial notice of another habeas action filed by Helfrich in this court, Case No. 2:16-cv-00312-RFB-NJK, including the state-court record exhibits attached to the petition in that case.[1] These records show that in August 2013, Helfrich pleaded guilty to voluntary manslaughter for a killing that occurred seven months earlier; he was sentenced to 48–120 months in prison.

     In his sole ground for relief, Helfrich alleges that credits toward his sentence are not being applied to reduce his minimum term of imprisonment as required under NRS §209.4465. Helfrich is incorrect. The version of NRS §209.4465 that was in effect when Helfrich committed the offense for

---

[1] *Helfrich v. State of Nevada*, Case No. 2:16-cv-00312-RFB-NJK, ECF No. 1-5 at 49–55.

which he is in prison provided that any credits must be deducted from the maximum term imposed by the sentence—not the minimum—and they do not apply to eligibility for parole.[2]

Helfrich's citation to the Nevada Supreme Court's unpublished decision in *Vonseydewitz v. Legrand*[3] is unpersuasive. Vonseydewitz committed his crimes between May 1, 1996, and August 31, 2006—before the version of NRS §209.4465 that Helfrich was sentenced under took effect on October 1, 2007. The version that applied to Vonseydewitz did not contain subsection 8, which prohibits credits earned by an offender who has been convicted of a category A or B felony from applying to eligibility for parole or from being deducted from the minimum term imposed by a sentence before parole eligibility.[4] None of the Nevada Supreme Court's reasons for holding that Vonseydewitz was entitled to a deduction from his minimum sentence apply to Helfrich because § 209.4465(8) was part of the statute when Helfrich committed his crime. That provision bars application of credits to the minimum term of Helfrich's sentence for a category B felony. Helfrich's sole ground for relief thus fails on its face, so I deny his petition and his motion for appointment of counsel. And because reasonsable jurists would not find my conclusion debatable or wrong, I decline to issue him a certificate of appealability.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Helfrich's application to proceed *in forma pauperis* **[ECF No. 1] is GRANTED.**

The Clerk of Court is directed to FILE the petition [ECF No. 1-1], add Adam Paul Laxalt, Attorney General for the State of Nevada, as counsel for respondents, and electronically **SERVE** on respondents a copy of the petition and this order. Respondents need not file a response.

IT IS FURTHER ORDERED that the petition for a writ of habeas corpus **[ECF No. 1-1] is DENIED**, and I decline to issue a certificate of appealability.

IT IS FURTHER ORDERED that Helfrich's ex parte motion for appointment of counsel

---

[2] NEV. REV. STAT. §209.4465 (2007).

[3] *Vonseydewitz v. Legrand,* 2015 WL 3936827 (Nev. June 24, 2015).

[4] *Vonseydewitz*, 2015 WL 3936827, at *2–3.

1  **[ECF No. 2] is DENIED as moot.**
2      The Clerk of Court is directed to CLOSE THIS CASE.
3      Dated: November 1, 2016.

                                               _____
                                               Jennifer A. Dorsey
                                               United States District Judge